United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDATECH, INC, et al,<br><br>    Plaintiffs,<br><br>    v<br><br>ST PAUL FIRE & MARINE INSURANCE CO, et al,<br><br>    Defendants.<br>_____ | No   C 04-1249 VRW |
| ST PAUL FIRE & MARINE INSURANCE CO, et al,<br><br>    Plaintiffs,<br><br>    v<br><br>VEDATECH, INC, et al,<br><br>    Defendants.<br>_____/ | No   C 04-1403 VRW<br>      C 04-1818 VRW<br><br>ORDER |

        These related cases are the lingering product of state court litigation between Mani Subramanian and two corporations he controls, Vedatech, Inc and Vedatech KK (collectively "Vedatech"), and various other parties. The conflict initially began in a 1998 California state court action in which QAD, Inc and QAD Japan KK (collectively "QAD") brought contract and tort claims against Subramanian and Vedatech. Doc #163 at 2. (All citations to the

record are to case no 04-1249 unless otherwise noted.)  Vedatech's insurer, St Paul Fire & Marine Insurance ("St Paul"), was also drawn into the dispute.  Doc #163 at 3-4.

The dispute was complicated by Subramanian's reaction to a court-ordered mediation session, which Subramanian and Vedatech abandoned, but at which the other parties reached settlement.  Doc #163 at 5-6.  In response, Subramanian and Vedatech conducted what the court has referred to as the "removal rampage," Doc #163 at 8, filing five removal petitions in two state court suits, and instituted a new federal suit, case no 04-1249 VRW, against all conceivable parties, including mediator Randall Wulff, for conspiring to consolidate and settle the cases to the detriment of Subramanian and Vedatech.  Doc #163 at 6-11; see also Doc #35 (amended complaint).

On June 22, 2005, the court remanded the state court actions, awarded attorney fees and costs to St Paul for the remand litigation, granted sanctions against Subramanian and Vedatech counsel, awarded attorney fees and costs to Wulff for defending against vexatious claims and dismissed all the federal claims except one claim that was stayed pending the outcome of the remanded issues.  Doc #163 at 52-53.  On July 19, 2007, the Ninth Circuit affirmed the court's order.  <u>St Paul Fire & Marine Insurance Co v Vedatech International, Inc</u>, 245 Fed Appx 588, 592 (9th Cir 2007).  On December 27, 2007, the court ordered Subramanian and Vedatech to pay the sanctions, attorney fees and costs from the affirmed June 2005 order by January 30, 2008.  Doc #181.  In total, the court ordered Subramanian and Vedatech to pay $20,738.75 to St Paul, $37,584.00 to Wulff ($15,000.00 in FRCP 11

sanctions and $22,584.00 pursuant to 28 USC § 1927) and $1,000.00 to the court.  Doc #181 at 1-2.  The court also sanctioned Vedatech counsel $5,000.00.  Doc #181 at 2.  As of April 9, 2008, St Paul and Wulff had not been paid.  See Doc #186 at 2 (St Paul claiming nonpayment), Doc #198 at 2 (Wulff claiming nonpayment).  In his various submissions to the court, Subramanian does not allege that he has paid St Paul or Wulff.

In response to Subramanian's failure to pay them, St Paul and Wulff moved for a debtor's examination of Vedatech and Subramanian, Doc ##184, 194, and asked the court to order Vedatech and Subramanian to show cause why they should not be held in contempt for failure to obey the court's December 27, 2007 order.  See Doc ##188, 196.

Two subsequently filed motions are also before the court.  On June 5, 2008, Subramanian asked the court to vacate "one or more parts" of the December 27, 2007 order, Doc #202 at 7, and to stay the judgment, apparently until the remanded state court issues are decided and the entire matter is resolved.  Doc #202 at 24.  In addition, Vedatech's counsel of record Christina M Gonzaga and James S Knopf move to withdraw as counsel.  Doc #199 at 6.

For the reasons discussed below, the court conditionally GRANTS the motion for a debtor's examination, conditionally GRANTS the motion for an order to show cause, DENIES the motion for relief from judgment and GRANTS Vedatech counsel's motion for withdrawal.  Vedatech and Subramanian are ORDERED to satisfy the judgments against them by July 31, 2008.

I

3

1    The court turns first to St Paul's and Wulff's motion for
2 a debtor's examination.  The court entered judgment against
3 Vedatech and Subramanian on June 22, 2005.  Doc #163 at 52-53.
4 This judgment was affirmed by the Ninth Circuit.  St Paul Fire &
5 Marine Insurance Co, 245 Fed Appx at 592.  A new judgment entered
6 on December 27, 2007 ordered Vedatech and Subramanian to pay St
7 Paul and Wulff by January 30, 2008.  Doc #181 at 2.
8    Because Vedatech and Subramanian had not paid the
9 judgment as of April 9, 2008, St Paul and Wulff moved for a
10 debtor's examination pursuant to FRCP 69(a)(2), which provides:
11 "In aid of the judgment or execution, the judgment creditor or
12 successor in interest whose interest appears of record may obtain
13 discovery from any person — including the judgment debtor — as
14 provided in these rules or by the procedure of the state where the
15 court is located."  FRCP 69(a)(2).  Debtor's examinations under
16 California law "permit the judgment creditor to examine the
17 judgment debtor, or third persons who have property of or are
18 indebted to the judgment debtor, in order to discover property and
19 apply it toward the satisfaction of the money judgment."  Imperial
20 Bank v Pim Electric, Inc, 33 Cal App 4th 540, 546-47 (1995); Cal
21 Code Civ Proc §§ 708.110-708.205.
22    Subramanian argues that the court lacks proper venue to
23 examine him under California law because he is a nonresident.  Doc
24 #208 at 7-9.  Subramanian argues that the court's examination of a
25 nonresident debtor is barred by Cal Code Civ Proc § 708.160, which
26 defines proper venue as the examinee's county of residence or place
27 of business.  Doc #208 at 7.
28    Subramanian's argument is misguided, and the court easily

**4**

rejects it. "Cal Code Civ Proc § 708.160(b) does not apply to a foreign-based defendant." United States v Feldman, 324 F Supp 2d 1112, 1118 (C D Cal 2004). While FRCP 69(a) does adopt state law, "[n]othing in [the purpose behind FRCP 69(a)] remotely suggests that a federal district court must cede jurisdiction to a state tribunal when a literal reading of the applicable state law indicates that enforcement proceedings must be held in a certain state court." Ducheck v Jacobi, 646 F2d 415, 417 (9th Cir 1981). In Ducheck, the court surveyed federal court decisions, and held that FRCP 69(a) simply adopts state "supplementary proceedings to enforce money judgments" and should "be applied in a common sense manner" rather than in a "hypertechnical manner." Ducheck, 646 F2d at 418. Like the judgment debtor in Ducheck, Subramanian "asks the court to elevate these state venue provisions to the status of substantive abridgements on the federal district court's jurisdiction to enforce its judgments." Ducheck, 646 F2d at 418. The court refuses to do so. Vedatech and Subramanian chose to initiate this suit in this court and they may not now challenge venue after the court has ruled against them.

     The court expects that its order denying Vedatech's and Subramanian's motion for relief from the judgment will result in prompt payment of the judgment against them. Nevertheless, the court conditionally grants the motion for a debtor's examination. In the event Vedatech and Subramanian do not comply with the order to pay St Paul and Wulff, the court orders Vedatech and Subramanian to appear before a magistrate judge of this court for a debtor's examination.

**II**

St Paul and Wulff also ask the court to order Vedatech and Subramanian to appear before the court to show cause why they should not be held in contempt for failure to obey the court's December 27, 2007 order. Doc ##188, 196. Pursuant to 18 USC § 401(3), the court may "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as * * * [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."

The court expects that its order denying Vedatech's and Subramanian's motion for relief from the judgment will facilitate the payment of the December 27, 2007 judgment. Vedatech and Subramanian must satisfy the judgments against them by July 31, 2008. In the event Vedatech and Subramanian do not comply with the order to pay St Paul and Wulff, the court orders Vedatech and Subramanian to show cause in writing not later than August 7, 2008 why they should not be held in contempt and to appear in person before the undersigned on August 14, 2008 at 2:30 pm. The court will not entertain motions for appearance by telephone at this hearing.

**III**

On June 5, 2008, Subramanian moved for relief from judgment, asking the court to vacate "one or more parts" of the December 27, 2007 order pursuant to FRCP 60(a), Doc #202 at 7, and to stay the judgment until the remanded state court issues are decided and the entire matter is resolved. Doc #202 at 24. This motion was noticed for hearing on September 18, 2008, but because

6

1 it is clear to the court that Subramanian is not entitled to any
2 relief, the court disposes of the motion now.

3      Subramanian apparently believes that it was improper for
4 St Paul to submit a proposed judgment, that St Paul intended to
5 trick the court with a "extemporaneously and impermissibly added"
6 judgment due date, Doc #202 at 9, and that it was improper for the
7 court to "adopt" this proposed order.  See Doc #202 at 9-10.
8 Subramanian appears to rely on FRCP 58 for his argument, see Doc
9 #202 at 9, but nothing in FRCP 58 makes improper the submission of
10 the proposed order at issue.  Subramanian offers no support for his
11 argument that the court's use of the proposed order was improper.
12 St Paul submitted a proposed judgment, which the court adopted.
13 The judgment, including the due date, was proper and effective.

14      Subramanian also argues that "[t]here should be no entry
15 of judgment regarding the fee orders, especially given that all of
16 these orders were part of the composite-Order which does not become
17 final until all matters in 04-1249 are disposed of."  Doc #202 at
18 23.  Moreover, continues Subramanian, "the judgement itself should
19 not be given immediate effect because of the clear possibility of
20 set-offs against St Paul in one of the two insurance bad faith
21 actions."  Doc #202 at 23-24.  These arguments are baseless.

22      Under FRCP 54(b), the court has discretion to direct
23 entry of final judgment as to individual claims in an action when
24 it determines "there is no just reason for delay."  FRCP 54(b).
25 Thus, the court had the authority to enter judgment on December 27,
26 2007.  Vedatech and Subramanian were on notice of the judgment
27 since June 5, 2005, and they lost their appeal on July 19, 2007.
28 Given Subramanian's history of attempting to circumvent adverse

7

1 rulings — apparent, once again, today — the court in its discretion
2 set a date certain for payment of the judgment.

3 Nor does the court see how FRCP 60 entitles Subramanian
4 to relief. "The court may correct a clerical mistake or mistake
5 arising from oversight or omission whenever one is found in a
6 judgment, order, or other part of the record." FRCP 60(a). No
7 mistake was made in ordering payment by January 30, 2008. Under
8 FRCP 60(b), the court may "relieve a party * * * from final
9 judgment * * * for the following reasons": "mistake," "newly
10 discovered evidence," "fraud," "judgment is void," "judgment has
11 been satisfied, released, or discharged," or "any other reason that
12 justifies relief." FRCP 60(b)(1)-(6). Subramanian has not shown
13 that any of these grounds for relief exists here. Relief from
14 judgment is not justified under any of these provisions.

15 Likewise, Subramanian offers nothing to suggest that a
16 stay of judgment is appropriate. Subramanian references FRCP
17 62(h), Doc #224 at 6, which provides that "the court <u>may</u> stay" a
18 judgement pending complete disposition of a case. FRCP 62(h)
19 (emphasis added). The court sees no reason, however, why it should
20 use its discretion to allow Subramanian to delay payment of
21 sanctions and attorney fees based on the possibility that he may
22 eventually recover from St Paul in state court litigation.

23 Subramanian also cites FRCP 62(b)(4), Doc #224 at 6,
24 which provides that "the court <u>may</u> stay the execution of a judgment
25 * * * pending disposition of * * * [a motion] under Rule 60, for
26 relief from judgment." FRCP 62(b)(4) (emphasis added). Because
27 the court denies Subramanian's motion for relief from judgment
28 under FRCP 60, however, there is no basis for a stay under

62(b)(4).

The court refuses to modify, set aside, stay or otherwise alter this judgment. Subramanian's motion for relief from the judgment is denied. The court orders Vedatech and Subramanian to pay attorney fees and costs of $20,738.75 to St Paul pursuant to 28 USC § 1447(c). The court orders Vedatech and Subramanian to pay attorney fees and costs of $22,584.00 to Randall Wulff pursuant to 28 USC § 1927. The court also orders Vedatech and Subramanian to pay $15,000.00 to Randall Wulff for fees and costs incurred in opposing Vedatech's and Subramanian's unsuccessful FRCP 11 motion. Payments shall be made by July 31, 2008.

IV

Finally, counsel for Vedatech, Christina M Gonzaga and James S Knopf, ask the court to permit them to withdraw. Doc #199 at 1. Counsel cite as grounds for withdrawal lack of communication with the client and an unworkable relationship. Doc #199 at 3-4. Counsel claim to have communicated to their client an inability and unwillingness to represent it, and they claim not to have had any contact with their client for at least two years. Doc #200 at ¶¶2-9; see also Doc #199 at 3.

This is counsel's third such request. The court denied counsel's first request on October 15, 2004 because California law prevents corporations from appearing pro se. Doc #95 at 1 (citing Church of the New Testament v United States, 783 F2d 771, 773 (9th Cir 1986); In re Highly, 459 F2d 554, 555 (9th Cir 1972)).

The court declined to rule on counsel's second request because it appeared to be rendered moot by the court's June 22,

9

1 2005 order dismissing, remanding or staying all claims.  Doc #163
2 at 52-53.  In that order, the court directed counsel to move for
3 withdrawal in the state court on remand.  Doc #163 at 52-53.
4 Counsel followed the court's instruction, and the Santa Clara
5 County Court granted withdrawal with respect to the "QAD cases,"
6 but, according to counsel, "found it lacked jurisdiction re the 'St
7 Paul / Insurance case.'"  Doc #199 at 2.  See also Doc #200-2 (the
8 state court order granting withdrawal).

9           While the court is mindful of its previous ruling denying
10 withdrawal, at this stage of the litigation the unfairness of
11 requiring counsel to continue to serve mitigates any concern about
12 leaving the corporate parties without representation.  Other courts
13 faced with this problem have allowed withdrawal.  "An attorney may
14 be allowed to withdraw without offending the rule against corporate
15 self-representation.  The effect of withdrawal is to leave the
16 corporation without representation and without the ability to
17 practice self-representation.  For the uncooperative corporate
18 client who has not been willing to bring in new counsel, granting
19 of the withdrawal motion will put extreme pressure on it to obtain
20 new counsel of record for should it fail to do so it risks
21 forfeiture of its rights through nonrepresentation."  Ferruzzo v C
22 & D Enterprises, Inc, 104 Cal App 3d 501, 504 (Cal App 1980).

23           In this case, Vedatech will continue to have notice of
24 any new filings because its principal is a pro se party in the same
25 action.  In another recent case brought by Vedatech and Subramanian
26 in this district, Judge Whyte granted Knopf's and Gonzaga's
27 contested request to withdraw.  Doc #78 in Vedatech KK and Mani
28 Subramanian v Crystal Decisions, Inc, et al, case no 03-04578 RMW

10

at 1-2. Judge Whyte's doubts about allowing Vedatech's counsel to withdraw without replacement were assuaged by recognition that "because plaintiff Subramanian is both an individual plaintiff proceeding pro se and principal for Vedatech, he will be served with any motion brought in this matter and will have notice of any renewed action in this case." Doc #78 in case no 03-04578 RMW at 2.

Subramanian has filed an opposition to this withdrawal request in which he claims the differences between him and counsel are "manufactured" by counsel, but at the same time he denigrates his counsel in a manner with which the court has become familiar. Doc #210 at 15. Subramanian contends the "root cause of all of this problem" is a fee dispute, Doc #210 at 6, and asks that the court order a fee arbitration as provided by Cal Bus & Prof Code § 6200. Doc #219 at 3.

None of Subramanian's arguments is a bar to withdrawal in this case. The court disposed of or stayed all issues before it on December 27, 2007. Doc #181 at 2. The only remaining matter is for Vedatech to satisfy the judgment against it. Vedatech no longer _needs_ representation, but merely needs to pay.

Clearly a breakdown in the relationship between Vedatech and its counsel has occurred, and that is a ground for withdrawal. See Estate of Falco, 188 Cal App 3d 1004, 1014 (1987). Withdrawal would be granted without hesitation were the client not a corporation. The court has already addressed, however, why the resulting non-representation of Vedatech should not bar withdrawal in this matter. Requiring counsel who have neither communicated with nor been able effectively to represent their client for at

11

1 least two years to remain in this case serves no purpose.  If
2 counsel and client are truly engaged in a fee dispute, they are
3 free to resolve that issue through appropriate channels.
4     Accordingly, the court grants counsel's motion for
5 withdrawal.  Christina M Gonzaga and James S Knopf are relieved as
6 counsel of record for Vedatech, Inc and Vedatech KK.

## V

Two housekeeping matters remain to be addressed.

### A

On June 16, 2008, pursuant to Civil L R 3-16, Subramanian certified that Monica Swanson is an interested person in this case. Doc #220 at 2.  Subramanian informs the court that Swanson, who is a former law clerk to the undersigned, was recently hired by Farella, Braun & Martel LLP, the law firm representing Randall Wulff.  Doc #220 at 2.

Under the local rules, an interested person is defined as one having either:  "(i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding."  Civil L R 3-16(b)(1). Rule 3-16 exists so that "[j]udges of this Court may evaluate any need for disqualification or recusal."  Civil L R 3-16(a).  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 USC § 455(a).  A judge should also disqualify himself if: "he has a personal bias or prejudice

**United States District Court**
For the Northern District of California

**12**

concerning a party," "a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter" or "[he or his family] has a financial interest in the subject matter in controversy or in a party to the proceeding."  28 USC § 455(b)(1), (2), (4).

The court is satisfied that Swanson's employment by the law firm representing Wulff does not create a basis for recusal. Swanson's employment does not create any financial conflicts of interests or personal biases or prejudices for the undersigned, she is not a relative of the undersigned, nor was she "serv[ing] as a lawyer concerning [this] matter" during a time when she may have "practiced law" with the undersigned.  28 USC § 455(b). Subramanian's concern is noted, and the court has considered this matter and its effects on the cases to which Subramanian is party. The court finds recusal unwarranted.

**B**

On June 21, 2008, Subramanian filed a "motion for administrative relief" pursuant to Civil L R 7-11.  Doc #224. Subramanian misuses this motion to repeat his arguments in opposition to debtor's examination and in favor of staying the December 27, 2007 judgment.  Doc #224 at 3-7.  Subramanian's arguments add nothing to the court's analysis.  Accordingly, the motion shall be terminated.

**VI**

For the aforementioned reasons, the court GRANTS Vedatech counsel's motion for withdrawal and Subramanian's motion for

**13**

administrative relief is TERMINATED.

The court ORDERS Vedatech and Subramanian to pay attorney fees and costs of $20,738.75 to St Paul pursuant to 28 USC § 1447(c). The court ORDERS Vedatech and Subramanian to pay attorney fees and costs of $22,584.00 to Randall Wulff pursuant to 28 USC § 1927. The court also ORDERS Vedatech and Subramanian to pay $15,000.00 to Randall Wulff for fees and costs incurred in opposing Vedatech's and Subramanian's unsuccessful FRCP 11 motion. Payments shall be made by July 31, 2008.

The court conditionally GRANTS the motions for debtor's examination and for an order to show cause. In the event Vedatech and Subramanian do not comply with the order to pay St Paul and Wulff by July 31, 2008, the court ORDERS Vedatech and Subramanian to show cause in writing not later than August 7, 2008 why they should not be held in contempt and to appear in person before the undersigned on August 14, 2008 at 2:30 pm.

The court, pursuant to 28 USC § 636(b)(1)(A), REFERS this matter to the chief magistrate judge or his designee to conduct a debtor's examination of Vedatech and Subramanian and ORDERS Vedatech and Subramanian to appear before the chief magistrate judge or his designee at such time and place as directed for the purpose of the debtor's examination.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge